

# NUMBER 13-11-00353-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ARROYO COLORADO,                                              **Appellant,**

**v.**

ABOGADO MINERALS, L. P.,                              **Appellee.**

## On appeal from the 105th District Court
## of Kleberg County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Arroyo Colorado, attempted to perfect an appeal from a judgment entered by the 105th District Court of Kleberg County, Texas, in cause number 10-439-D. Judgment in this cause was signed on February 24, 2011. A request for findings of facts and conclusions of law was filed on March 11, 2011. Appellant's notice of appeal was filed on June 2, 2011.

On June 6, 2011, the Clerk of this Court sent a letter to appellant notifying him that it appeared the appeal had not been timely perfected. Appellant was advised that, if the

defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant was also advised that the $175.00 filing fee had not been paid. The letter was sent to appellant's last known address by certified mail, however, the letter was returned unclaimed and no response has been filed. On June 30, 2011, the Court sent the same correspondence to appellant's last known address by both certified and regular mail. The certified mail was returned as unclaimed and no response has been filed.

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, and fax number, if any." *See* TEX. R. APP. P. 9.1(b). Appellant has neither provided this court with a forwarding address nor taken any other action to prosecute this appeal.

Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of jurisdiction or for failure to comply with a requirement of the appellate rules. *See id.* 42.3(b), (c). Rule 2 authorizes an appellate court to suspend a rule's operation in a particular case to expedite a decision. *See id.* 2. Given the length of inactivity in this appeal and this court's inability to give effective notice to appellant during the period of inactivity, we suspend Rule 42.3's requirement of ten days' notice to all parties, and dismiss the appeal on our own motion. *See id.* 42.3(a), (c).

PER CURIAM

Delivered and filed
the 11th day of August, 2011.